HAENLEIN, Respondent, ▪v. HUTKOFF, Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by August P. Haenlein against Nathan Hutkoff. Frederick E. Perham, for appellant. Denis O'Sullivan, for respondent.

GILDERSLEEVE, J. The action was brought to recover damages for an alleged breach of contract. The plaintiff claims that he hired a flat from defendant under an agreement by defendant to give steam heat and hot water, that defendant failed to keep this agreement, and that plaintiff was damaged in the sum of $249.99 in consequence of such breach of contract. The answer is a general denial. It appears from the evidence that the contract of hiring was verbal, and was made by plaintiff's wife with the janitor. The defendant, however, claims that he was not the owner of the premises when such contract was made, and that plaintiff had been in occupation for a week or ten days before he became such owner. It seems that plaintiff moved into the premises in September, 1901, and got a month's rent free, but that the rent for October was paid to defendant. It also appears that the same janitor, who had made the contract with plaintiff's wife, continued in the same capacity under the defendant, and it was to him, as agent of the defendant, that plaintiff paid the rent for October, November, and December, 1901. Plaintiff moved out on January 20, 1902. The plaintiff's wife testifies that there was no steam heat, and that the hot, and even cold, water supply became very defective in and after November, 1901. There were apparently pipes and apparatus for steam heat and water supply on the premises; but, according to plaintiff's claim, the defendant neglected and refused to furnish either. It appears that plaintiff's child had scarlet fever in December, 1901, and plaintiff's family was quarantined in the flat, and could not move out until January 20, 1902. This illness plaintiff attributes

to the failure of the water supply; but the evidence scarcely sustains this claim. The trial justice found that there was a failure of the landlord to fulfill his contract by utilizing the pipes and apparatus for steam heat and hot water supply, for which failure plaintiff was entitled to recover damages. Over the objection and exception of defendant, he permitted plaintiff to prove, as items of damage, the following claims, viz.: Preparing to move into the building and moving into the same, $25; preparing to move out of the premises and moving out of the same, $30; doctor's bill for attendance upon plaintiff's child, sick with scarlet fever, $50; and for inconvenience, annoyance, and trouble to plaintiff and his wife, $150. The justice, however, gave judgment only for $60 damages, and $20.17 costs. Upon which of the above claims, and in what proportion, he based this judgment, the record does not disclose. At the close of the case, the defendant's attorney made a motion to dismiss the complaint upon the grounds, among others, following, viz.: "That if such promise as to steam heat and hot water was made, for a failure to comply with such promise no damages, such as have been proven in this action, are recoverable; that the damages, if any, that have been proven in this action, are speculative and contingent, and not within the contemplation of the parties, particularly as to the item of $180.74 contained in the bill of particulars," viz., wear and tear of furniture, annoyance, illness of child, doctor's bill, medicine, inconvenience, etc. Assuming that the contract and the breach thereof, as alleged, were established by the evidence, the items of damages, particularly mentioned above, cannot be said to have been within the contemplation of the parties at the time of the making of the contract, as such damages as would be likely to flow from a breach thereof. Proof of expense incurred in moving, in packing furniture, and in providing coal and gas to take the place of the steam heat and for heating water, was properly admitted for the purpose of establishing recoverable damages. While the amount awarded is only $60, we cannot say of what elements of damage this sum is composed, and upon which items the learned trial justice founded his judgment. The judgment is reversed, and a new trial granted, with costs to abide the event. All concur.